UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Lee Bailey, Sr., | ) C/A No 3:07-4029-HMH-JRM |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) For Partial Summary Dismissal |
| | ) |
| Richland County Sheriff Department; Alvin S. Glenn | ) |
| Detention Center; and Investigator Wagner, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Darrell Lee Bailey, Sr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Newberry County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a governmental entity and a government employee as one of the defendants.[2] Plaintiff claims false arrest, malicious prosecution and detention in violation of his constitutional rights. Plaintiff seeks monetary damages, as well as injunctive relief in the form of expunging his "record/rap sheet." Although the complaint states a claim against Defendant Wagner, the defendants Richland County Sheriff's Department and Alvin S. Glenn Detention Center should be dismissed.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, *Erickson v. Pardus*, _ U.S. _, 127 S.Ct. 2197 (2007), but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him,

*Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint, in the caption, names the Richland County Sheriff's Department as a defendant. In South Carolina, Sheriff's Departments are an agency of the state, not departments under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988), *affd.* 878 F.2d 379 (1989)(discussing sheriff as agent and alter ego of state); *Carroll v. Greenville County Sheriff's Department*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the Richland County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.

*Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007)("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.")  The Court does not have jurisdiction to entertain the plaintiff's suit against the defendant Richland County Sheriff's Department thus the Richland County Sheriff's Department should be dismissed as a defendant in this case.

The complaint also names the Alvin S. Glenn (Richland County) Detention Center as a defendant.  The detention center is a building or facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  Only a person may act under color of state law, so a defendant in a § 1983 action must qualify as a person.  The Alvin S. Glenn Detention Center is not a person subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  The Alvin S. Glenn Detention Center is not a person for purposes of suit under § 1983 and thus should be dismissed as a defendant in this case.

In as much as Plaintiff intended to sue "Administration of the Alvin S. Glenn Detention Center," as stated in the list of parties, the complaint fails to state a claim.  An official may be liable for acts of subordinates only if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source,  (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury to the plaintiff. *Carter v. Morris*, 164 F. 3d 215, 221 (4th Cir. 1999); *Shaw v.*

*Stroud*, 13 F.3d 791, 799 (4th Cir.1994)); *see also Ross v. Reed*, 719 F.2d 689, 699 (4th Cir. 1983)(administrators may be held liable when on notice of poor prison conditions). The complaint does not allege the necessary elements to establish liability of the unspecified "Administration of the Alvin S. Glenn Detention Center," and therefore, if construed as a defendant in this case, the "Administration" should be dismissed.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Defendants Richland County Sheriff's Department and Alvin S. Glenn Detention Center *without prejudice* and without issuance and service of process for these Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Process shall issue for service of the remaining defendant. Plaintiff's attention is directed to the important notice on the next page.

s/Joseph R. McCrorey<br>United States Magistrate Judge

January 24, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).