IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DARRELL LEE BAILEY, SR., | ) | Civil Action No. 3:07-4029-HMH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| INVESTIGATOR WAGNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Darrell Lee Bailey, Sr., filed this action on December 14, 2007.[1] Defendant is Holly Wagner ("Wagner"), an investigator in the Major Crimes Unit of the Richland County Sheriff's Department ("RCSD"). Defendant filed a motion for summary judgment on May 30, 2008.[2] Because Plaintiff is proceeding pro se, he was advised on June 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On June 10, 2008, Plaintiff filed a memorandum in opposition to summary judgment.

## **DISCUSSION**

Plaintiff appears to allege that he was subjected to false arrest, false imprisonment, and malicious prosecution. On March 21, 2007, Plaintiff was doing carpentry work for the owner of a house at 1416 Jeter Street. He was arrested on the charge of possession of a stolen vehicle. Plaintiff was later also charged with operation of a chop shop. Complaint at 2-3. He requests that the charges

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] Plaintiff originally named the Richland County Sheriff's Department ("RCSD") and the Alvin S. Glenn Detention Center ("ASGDC") as defendants, along with Wagner, in this action. RCSD and ASGDC were dismissed as defendants on February 4, 2008. See Doc. 11.

against him (which he states were dismissed) be removed from his record. Plaintiff also requests monetary damages. Complaint at 5. Defendant argues that she is entitled to summary judgment because: (1) Plaintiff fails to state a claim for false arrest or imprisonment as probable cause existed to arrest Plaintiff; (2) Plaintiff fails to state a claim for malicious prosecution; and (3) Defendant is entitled to qualified immunity.

### 1. False Arrest/False Imprisonment

Plaintiff appears to allege that he was falsely arrested and imprisoned on "bogus" charges in order for Wagner to obtain information from him as to other individuals she was trying to build a case against. He also appears to allege that he was falsely imprisoned because the criminal charges against him were dismissed on June 15, 2007, but he was not released from detention until July 1, 2007. Defendant contends that Plaintiff fails to show that he was falsely arrested or imprisoned because there existed probable cause to arrest Plaintiff.[3]

Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. See, e.g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002)(recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001)(claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

---

[3]Defendant also argues that Plaintiff's arrests were valid because they were made pursuant to facially valid warrants (see Wagner Aff., Ex. D). In Baker v. McCollan, 443 U.S. 137, 143-44 (1979), the United States Supreme Court determined that the issuance of a facially valid warrant by a magistrate satisfies the probable cause standard. In Baker, the arrest was made pursuant to a warrant. Here, however, the warrants appear to have been procured after Plaintiff's arrest.

2

"The Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396 (1989).  A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test.  See Illinois v. Gates, 462 U.S. 213, 238 (1983).  Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964).  While probable cause demands "more than a mere suspicion, ... evidence sufficient to convict is not required." Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996)(citing Wong Sun v. United States, 371 U.S. 471, 479 (1963)).  Reasonable law officers need not "resolve every doubt about a suspect's guilt before probable cause is established." Torchinsky v. Siwinsky, 942 F.2d 257, 264 (4th Cir. 1991)(citation omitted).

The facts and circumstances within Wagner's knowledge were sufficient to warrant a prudent man to believe that Plaintiff had committed or was committing an offense.  Wagner received information concerning a reported stolen vehicle and she observed that vehicle in the yard at 1416 Jeter Street.  Wagner states:

> On March 21, 2007, I noticed a twelve foot blue trailer in the front yard of a home located at 1416 Jeter St.  The trailer matched the description of a trailer that was reported stolen on March 2, 2007, and the last four numbers of the Vehicle Identification Number (VIN), (4195), were clearly painted on the front rail of the trailer.  Further, located in the front yard was a yellow Chevrolet Sport Utility Vehicle (SUV).  This vehicle was identical to a description given by a local four-wheeler retailer, who reported the SUV brought two suspicious four-wheelers in for repairs that were missing VIN numbers.  I called for assistance, and when it arrived, we knocked on the front door of the house, and the Plaintiff answered the door.  The Plaintiff was placed under arrest for possession of stolen property and taken to the station for questioning.

Wagner Aff., Para. 4. The search of the backyard and inside of the house, as well as Plaintiff's statement, provide further evidence that Wagner had probable cause to arrest Plaintiff on the charge of operation of a chop shop. Wagner states:

> 5) In the back yard of the house, we found the two stolen four wheelers, a stolen Chevrolet truck that was missing a hood, the engine and transmission, various automobile parts, and a red engine hoist. These items and others were taken to headquarters as evidence.
>
> 6) Inside the house, I found three black leather business bags in the room where the Plaintiff was staying. The bags contained items with the name Phillip Smith on them, and a license tag registered to Phillip Smith. A 1996 green Chevrolet truck was reported stolen by Phillip Smith on March 7, 2007.
>
> \*\*\*\*\*
>
> 8) The Plaintiff gave a written statement admitting to knowing the white truck was stolen because it's [sic] steering column was broken. See Exhibit B. He also admitted [] removing the engine and transmission for the truck for 175 dollars.

Wagner Aff., Paras. 5, 6, and 8.

Additionally, Plaintiff has not disputed that he voluntarily opened the door and talked to Wagner after she knocked on the door. If the consent is found to be voluntary, the search or entry is exempted from the requirements of both a warrant and probable cause. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

With his opposition memorandum, Plaintiff submitted a copy of a consent to search form signed by Yakeema Smith ("Smith"). For the first time in his opposition memorandum, Plaintiff appears to argue that he was falsely arrested based on evidence found during a search of the property and that the consent to search was invalid because Smith did not have authority to sign the consent form as she had not yet signed a lease to rent the property in question.

Even if this claim is properly before the court, it fails because the facts available at the time would warrant a person of reasonable caution in the belief that Smith had authority over the premises. In his statement, Plaintiff stated that Smith had lived at the property in question for approximately

4

one week at the time of his arrest. Wagner Aff., Ex. A. "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained. Georgia v. Randolph, 547 U.S. 103, 106 (2006) (citing Illinois v. Rodriguez, 497 U.S. 177 (1990); United States v. Matlock, 415 U.S. 164 (1974)). An individual may consent to a search if he possesses common authority, mutual use, or general access to the place. United States v. Block, 590 F.2d 535, 539-40 (4th Cir.1978). Moreover, an officer may rely on the apparent authority of the person giving consent, and determining apparent authority requires an objective inquiry into whether the facts available at the moment would warrant a person of reasonable caution in the belief that the consenting party had authority over the premises. Illinois v. Rodriguez, 497 U.S. 177, 188 (1990); see United States v. Kerchum, 71 F.Supp.2d 779, 782(N.D.Oh.1999) (holding that an officer, who knew of a prior restraining order prohibiting defendant's wife from being at the house, but did not know if the order was still in effect, reasonably believed defendant's estranged wife had authority to consent when, after arresting a burglary suspect, the wife requested the officer to go with her into the home and determine what property had been taken).

Plaintiff appears to allege that he was falsely imprisoned because he remained in the ASGDC after the charges against him were dismissed. Wagner asserts that she had no control over Plaintiff's release from the ASGDC. She states that Plaintiff's preliminary hearing was held on June 15, 2007, but she was unable to attend, she believes that Plaintiff's charges were dismissed at that time because she did not appear at the preliminary hearing, Plaintiff's discharge was signed by Richland County Clerk of Court Barbara A. Scott on July 2, 2007, and Plaintiff was released on the afternoon of July

5

2, 2007. Wagner Aff., Paras. 13-15. Plaintiff has not shown that Wagner took any actions which delayed his release from the ASGDC after the charges against him were dropped.

### 2.    Malicious Prosecution

Plaintiff appears to also assert a claim for malicious prosecution. There is no independent cause of action for malicious prosecution under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). In order for a plaintiff to state a section 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." Brooks v. City of Winston-Salem, 85 F.3d 178, 183-84 (4th Cir. 1996). Here, as discussed above, Plaintiff's arrest was supported by probable cause.

### 3.    Qualified Immunity

Defendant argues that she is entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was

6

> 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated any of his clearly established constitutional or statutory rights. Therefore, Defendant is entitled to qualified immunity in her individual capacity.

### 4.     State Law Claims

It is unclear whether Plaintiff is attempting to assert claims under South Carolina law. As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

### CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 25) be **granted**.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

January 22, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).